2006 WY 150

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**John Craig ABRAHAM, Respondent.**

No. D–06–8.

Supreme Court of Wyoming.

Dec. 13, 2006.

---

### ORDER OF PUBLIC CENSURE

This matter came before the Court upon a "Report and Recommendation for Public Censure," filed herein October 31, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Bar Counsel's "Motion for Public Censure and to File a Report and Recommendation for Discipline," the Respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent John Craig Abraham should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that John Craig Abraham shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ADJUDGED AND ORDERED** that, consistent with the Report and Recommendation for Public Censure, if there is another complaint stemming from Respondent's conduct after August 1, 2006, in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent John Craig Abraham will immediately be suspended from the practice of law for two years. This probationary period will last until December 31, 2008; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, John Craig Abraham shall reimburse the Wyoming State Bar the amount of $68.58, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Abraham shall pay the total amount of $568.58 to the Clerk of the Board of Professional Responsibility on or before January 5, 2007; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent John Craig Abraham; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

DATED this 12th day of December, 2006.

BY THE COURT:

/s/ Barton R. Voigt

Barton R. Voigt

Chief Justice

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING

In the matter of JOHN CRAIG ABRAHAM, WSB Attorney No. 6-3436, Respondent.

Docket Nos. 2006-08, 2006-22, 2006-23

**REPORT AND RECOMMENDATION FOR PUBLIC CENSURE**

The Board of Professional Responsibility makes the following report and recommendation for public censure and additional discipline, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

**FINDINGS OF FACT**

1. Respondent is currently an active member of the Wyoming State Bar and has been since 2000. Respondent now resides in Gillette, Wyoming. Prior to that, Respondent practiced in Basin, Wyoming.

**# 2006–22**

2. In the spring of 2005, Respondent was retained and paid $1200.00 by a group of individuals to file a suit for encroachment onto a livestock trail. Respondent filed that suit on 30 March 2005. Defendants were served on 6 May 2005, and their answer and counterclaim were filed on 25 May 2005. Respondent filed the answer to the counterclaim on 14 June 2005. Thereafter, Respondent started to draft a summary judgment motion and affidavits, but never completed them.

3. On 11 November 2005, Defendants filed a motion for dismissal for lack of prosecution. Respondent did not respond to that motion, and the case was dismissed on 5 December 2005. Respondent then failed to adequately communicate with his clients about the matter.

4. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his clients violated Rule 1.4.

5. Respondent has returned the $1200.00 paid by those clients.

**# 2006–23**

6. In 2003, Respondent was retained on behalf of the Big Horn County Fire District # 3 to pursue a potential breach of contract claim regarding a fire truck the District had purchased.

7. The fire district had given the truck to the defendant for modifications, but never received the truck from the defendant. Respondent was able to get the truck back for his clients. Respondent filed suit against the appropriate defendant and obtained service on that defendant.

8. In the fall of 2005, Respondent received notice that the case would be dismissed if no action were taken. Thereafter, defense counsel filed a motion to dismiss. Respondent did not file an opposition to the motion, and it was granted, with prejudice, on 25 October 2005. Respondent did not notify his clients of the dismissal, nor did Respondent file a notice of appeal.

9. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his clients violated Rule 1.4.

**# 2006–08**

10. On 22 November 2005, Respondent filed a Petition for Child Custody, Support, and Visitation on behalf of Tammy Moore and her 2 children. That same day, Judge Patrick signed a "Temporary Order of Child Custody, Support." In that Order, the court required that Respondent show that there was personal jurisdiction over the respondent-father before child support was ordered.

11. Respondent believed that the Court would publish the necessary notice in the newspaper, so Respondent did not so do.

12. A short time later, Respondent took a job with the public defender's office and did no more work on this case. Respondent never received any calls or letters from Ms. Moore. Respondent only recalls one email from her, which was answered via a phone call. Respondent nonetheless failed to communicate with his client since Respondent did not keep her informed of the status of the matter.

13. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his client violated Rule 1.4.

## CONCLUSIONS OF LAW

14. Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rules 1.3 and 1.4: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

15. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(a)——prior disciplinary offense of a private reprimand in 2003;

ii. Section 9.22(c)——pattern of misconduct as evidenced by these three cases; and

iii. Section 9.22(i)——substantial experience in the practice of law.

b. Applicable mitigating factors are:

i. Section 9.32(b)——absence of a dishonest or selfish motive.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

16. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct:

a. Respondent will receive a public censure which states as follows:

"Gillette Attorney Craig Abraham received a formal public censure by order of the Wyoming Supreme Court on ————. Mr. Abraham failed diligently [to] pursue three legal matters for clients in violation of Rule 1.3 of the Wyoming Rules of Professional Conduct and failed to adequately communicate with those clients in violation of Rule 1.4. The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys.

Mr. Abraham stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Abraham. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Abraham, placing him on probation, and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

b. If there is another complaint stemming from Respondent's conduct after 1 August 2006 in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent will immediately be suspended from the practice of law for 2 years. This probationary period will last until 31 December 2008.

c. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter and [pay] the administrative fee of $500.00 no later than 1 December 2006.

This decision is unanimously made by a quorum of the Board of Professional Respon-

sibility. It is therefore so recommended October 31, 2006.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility