2009 WY 123

**WYOMING STATE BAR, Petitioner,**

v.

**John Craig ABRAHAM, Attorney No. 6–3436, Respondent.**

**No. D–09–0002.**

Supreme Court of Wyoming.

Oct. 7, 2009.

### ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation," filed herein August 27, 2009, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, the materials attached thereto, and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent John Craig Abraham should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that John Craig Abraham shall receive a public censure for his conduct and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation; and it is further

[¶ 4]   **ADJUDGED AND ORDERED** that, consistent with the Report and Recommendation for Public Censure, John Craig Abraham shall use mentors in the manner set forth in the Report and Recommendation; and it is further

[¶ 5]   **ADJUDGED AND ORDERED** that, consistent with the Report and Recommendation, if there is another complaint stemming from Respondent's conduct that occurs after August 1, 2009, in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent John Craig Abraham will immediately be suspended from the practice of law for two years.   This probationary period will last until January 1, 2012;  and it is further

[¶ 6]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, John Craig Abraham shall reimburse the Wyoming State Bar the amount of $25.00, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Abraham shall pay the total amount of $525.00 to the Clerk of the Board of Professional Responsibility on or before January 1, 2010;  and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

[¶ 8]   **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 9]   **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent John Craig Abraham;  and it is further

[¶ 10]   **ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 7th day of October, 2009.

**BY THE COURT:**

/s/ Barton R. Voigt

BARTON R. VOIGT
Chief Justice

### BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

### WYOMING STATE BAR

### STATE OF WYOMING

*In the matter of JOHN CRAIG ABRAHAM, No. 6–3436 Respondent.*

*Docket No. 2008–65.*

## REPORT AND RECOMMENDATION

The Board of Professional Responsibility makes the following report and recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent is currently an active member of the Wyoming State Bar and has been since 2000. Respondent resides in Gillette, Wyoming. In June 2008, Respondent voluntarily agreed with the Wyoming Bar Association not to practice law pending the disposition of this grievance, and since that time Respondent has not engaged in the practice of law other than to remain current on his Continuing Legal Education.

2. In mid December 2007, Respondent entered an appearance on Joey Lujan's behalf in a criminal case against him in Campbell County for drug possession. Prior to his entry of appearance, Lujan evidently made statements to law enforcement which implicated Ted Schumacher in the drug matter. Respondent was unaware of the statements at the time that Respondent entered his appearance for Lujan. During this period of time, Schumacher was a current client of Respondent in a divorce action.

3. On December 18, 2007, Respondent requested discovery from the County Attorney's office. The records indicate that the next day Respondent was provided discovery from the County Attorney's office, including the report regarding Lujan's statements that Schumacher was involved in drug trafficking. Respondent recalls that he was out of the office when the discovery came in, however his office advised him in a phone conversation of the nature of the discovery. Respondent called Lujan that evening and told him that Respondent had not seen the discovery but that the affidavit implicating Schumacher as described to him likely created a conflict situation.

4. The following morning Lujan and Schumacher came to Respondent's office together, uninvited and unannounced. Respondent did not meet with Schumacher but instead took Lujan alone back to his office and explained his conflict to him. Respondent told Lujan that Respondent could not represent him further. He requested a copy of the discovery which Respondent gave to him. Respondent did not give Schumacher a copy of the discovery, but it is his understanding that Lujan later did.

5. In the meeting in Respondent's office, Lujan adamantly denied implicating Schumacher and produced a handwritten affidavit to Respondent in which he retracted any statements implicating Schumacher. Nonetheless Respondent told him that Respondent could not continue to represent him. That day Respondent had a conversation with another lawyer who shared office space with him but who had a separate practice about taking over Lujan's representation. Respondent believed from that conversation that the attorney would enter an appearance for Lujan.

6. Despite that conversation, the lawyer with whom Respondent shared office space never entered an appearance for Lujan, and Respondent did not immediately withdraw from his representation of Lujan. Since Respondent believed that Respondent had a conflict and thought that another lawyer would shortly enter an appearance for Lujan, Respondent did not render any advice to Lujan following that discussion.

7. A few weeks later Prosecutor Michael Blonigen filed a Motion to Disqualify Respondent in these matters. Prior to the hearing on that motion, Respondent withdrew his representation of Lujan in writing.

8. Respondent agrees that the failure to withdraw at the time that Respondent told Lujan that Respondent was no longer representing him and waiting until Mr. Blonigen filed the motion created a conflict, although Respondent did not use any information provided by Lujan to his detriment. Respondent further agrees that failing to immediately withdraw from the representation of Lujan while Respondent was representing Schumacher in an unrelated matter was a violation of Rule 1.7 of the Wyoming Rules of Professional Conduct since his representation of Lujan had the potential to be adverse to the current representation of Schumacher.

9. On December 13, 2006, the Wyoming Supreme Court issued an Order of Public Censure based on the Report and Recommendation of the Board of Professional Responsibility. True and accurate copies of that Order and the Report and Recommendation arc attached hereto as Exhibit A. A provision in the fourth paragraph of that Order states in pertinent part, "if there is another complaint stemming from Respondent's conduct after August 1, 2006, in which he stipulated to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent John Craig Abraham will immediately be suspended from the practice of law for two years. This probationary period will last until December 31, 2008. . . ."

## CONCLUSIONS OF LAW

10. Standard 4.33 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violation of Rule 1.7: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interest, or whether the representation will adversely affect another client, and causes injury or potential injury to a client."

11. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(a)—prior disciplinary offenses.

b. Applicable mitigating factors are:

i. Section 9.32(e)—full and free disclosure to disciplinary hoard or cooperative attitude toward proceedings.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

12. Since Respondent admittedly violated Rule 1.7 prior to December 31, 2008, this provision would result in his suspension. It is the recommendation of the Board of Professional Responsibility, however, that this provision be waived and that Respondent not be suspended as a result of this new violation. The reasons are:

a. This new violation is not of the same type as those resulting in the 2006 discipline. In those cases, Respondent did not properly communicate with his clients or do the work in a timely manner.

b. Respondent has not practiced law since June 2008. Although not "suspended," his voluntary agreement not to practice until this matter was resolved is essentially the same thing.

c. A suspension would not help Respondent in his practice, nor is it likely to deter others from violating the Wyoming Rules of Professional Conduct.

d. Respondent is in need of mentoring, and this discipline provides that for him for a two year period. If Respondent again violates any of the Rules of Professional Conduct before January 1, 2012, he agrees that he should be suspended for two years from the date of the Court's Order of Suspension.

13. As an appropriate sanction for his violations of the Wyoming Rules of Professional Conduct and if the Court agrees to waive enforcement of the fourth paragraph in the Order of Public Censure dated December 13, 2006, it is recommended that:

a. Respondent receive a public censure which states:

"Gillette Attorney John Craig Abraham received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Abraham did not immediately withdraw from representation of a criminal defendant who had implicated a current client of Mr. Abraham's although he did not continue to represent the criminal defendant.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Abraham violated Rule 1.7 which specifies that a conflict of interest exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client. The sanction was also aggravated by Mr. Abraham's prior disciplinary record.

Mr. Abraham stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Abraham. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Abraham and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

b. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $25.00 and pay the administrative fee of $500.00 no later than January 1, 2010.

c. Two lawyers in Gillette, Wyoming will act as mentors for Respondent. C. John Cotton and Michael K. Shoumaker have agreed to counsel with Respondent regularly about any ethical or other issues which may arise in his practice. Mr. Cotton has a general civil practice, and Mr. Shoumaker is with the Public Defender's office. Respondent will continue the mentoring program with Mr. Cotton and Mr. Shoumaker for a period of two years. Respondent will find substitute mentors should Mr. Cotton or Mr. Shoumaker become unwilling or unavailable at any time to continue in that regard.

d. If there is another complaint stemming from conduct which occurs after August 1, 2009 and in which Respondent stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent will immediately he suspended from the practice of law for two years. This probationary period will last until January 1, 2012.

This decision is unanimously made by a quorum of the Board of Professional Respon-

sibility. It is therefore so recommended August 27, 2009.

/s/ Francis E. Stevens

FRANCIS E. STEVENS, Chair, Board of Professional Responsibility

## CERTIFICATE OF SERVICE

I, Patricia F. Becklinger, do hereby certify that a true and correct copy of the above **Report and Recommendation** was mailed by United States Mail, postage prepaid, on: 27 August 2009 to the following:

Stephen H. Kline

Kline Law Office, PC

19th & Pioneer, Suite 306

P.O. Box 1938

Cheyenne, WY 82003

and a hand delivered copy to:

Rebecca A. Lewis, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia F. Becklinger

Patricia F. Becklinger, BPR Clerk

## IN THE SUPREME COURT, STATE OF WYOMING

### 2006 WY 150

*October Term, A.D.2006*

*BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR, Petitioner,*

*v.*

*JOHN CRAIG ABRAHAM, Respondent.*

*No. D–06–8*

### ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein October 31, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Bar Counsel's "Motion for Public Censure and to File a Report and Recommen-

dation for Discipline," the Respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent John Craig Abraham should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that John Craig Abraham shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ADJUDGED AND ORDERED** that, consistent with the Report and Recommendation for Public Censure, if there is another complaint stemming from Respondent's conduct after August 1, 2006, in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent John Craig Abraham will immediately be suspended from the practice of law for two years. This probationary period will last until December 31, 2008; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, John Craig Abraham shall reimburse the Wyoming State Bar the amount of $68.58, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Abraham shall pay the total amount of $568.58 to the Clerk of the Board of Professional Responsibility on or before January 5, 2007; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent John Craig Abraham; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**BY THE COURT:**

/s/ **Barton R. Voigt**
BARTON R. VOIGT, **Chief Justice**

### BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

### WYOMING STATE BAR

### STATE OF WYOMING

*In the matter of JOHN CRAIG ABRAHAM, W, S13 Attorney No. 6–3436, Respondent.2006–23*

*Docket Nos.2006–08, 2006–22,*

### REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following report and recommendation for public censure and additional discipline, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

#### FINDINGS OF FACT

1. Respondent is currently an active member of the Wyoming State Bar and has been since 2000. Respondent now resides in Gillette, Wyoming. Prior to that, Respondent practiced in Basin, Wyoming.

*# 2006–22*

2. In the spring of 2005, Respondent was retained and paid $1200.00 by a group of individuals to file a suit for encroachment onto *a* livestock trail. Respondent filed that suit on 30 March 2005. Defendants were served on 6 May 2005, and their answer and counterclaim were filed on 25 May 2005. Respondent filed the answer to the counterclaim on 14 June 2005. Thereafter, Respondent started to draft a summary judgment motion and affidavits, but never completed them.

3. On 11 November 2005, Defendants filed a motion for dismissal for lack of prosecution. Respondent did not respond to that motion, and the case was dismissed on 5 December 2005. Respondent then failed to adequately communicate with his clients about the matter.

4. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his clients violated Rule 1.4.

5. Respondent has returned the $1200.00 paid by those clients.

*# 2006–23*

6. In 2003, Respondent was retained on behalf of the Big Horn County Fire District # 3 to pursue a potential breach of contract claim regarding a fire truck the District had purchased.

7. The fire district had given the truck to the defendant for modifications, but never received the truck from the defendant. Respondent was able to get the truck back for his clients. Respondent filed suit against the appropriate defendant and obtained service on that defendant.

8. In the fall of 2005, Respondent received notice that the case would be dismissed if no action were taken. Thereafter, defense counsel filed a motion to dismiss. Respondent did not file an opposition to the motion, and it was granted, with prejudice, on 25 October 2005. Respondent did not notify his clients of the dismissal, nor did Respondent file a notice of appeal.

9. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his clients violated Rule 1.4.

*# 2006–08*

10. On 22 November 2005, Respondent filed a Petition for Child Custody, Support, and Visitation on behalf of Tammy Moore and her 2 children. That same day, Judge Patrick signed a "Temporary Order of Child Custody, Support." In that Order, the court required that Respondent show that there was personal jurisdiction over the respondent-father before child support was ordered.

11. Respondent believed that the Court would publish the necessary notice in the newspaper, so Respondent did not so do.

12. A short time later, Respondent took a job with the public defender's office and did no more work on this case. Respondent never received any calls or letters from Ms. Moore. Respondent only recalls one email from her, which was answered via a phone call. Respondent nonetheless failed to communicate with his client since Respondent did not keep her informed of the status of the matter.

13. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his client violated Rule 1.4.

## CONCLUSIONS OF LAW

14. Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rules 1.3 and 1.4: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

15. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justi-

fy an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a. Applicable aggravating factors in this case are:

    i. Section 9.22(a)—prior disciplinary offense of a private reprimand in 2003;

    ii. Section 9.22(e)—pattern of misconduct as evidenced by these three cases; and

    iii. Section 9.22(i)—substantial experience in the practice of law.

    b. Applicable mitigating factors are:

    i. Section 9.32(b)—absence of a dishonest or selfish motive.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

16. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct:

    a. Respondent will receive a public censure which states as follows:

"Gillette Attorney Craig Abraham received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Abraham failed diligently pursue three legal matters for clients in violation of Rule 1.3 of the Wyoming Rules of Professional Conduct and failed to adequately communicate with those clients in violation of Rule 1.4. The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Abraham stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Abraham. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Abraham, placing him on probation, and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

    b. If there is another complaint stemming from Respondent's conduct after 1 August 2006 in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent will immediately be suspended from the practice of law for 2 years. This probationary period will last until 31 December 2008.

    c. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter and paid the administrative fee of $500.00 no later than 1 December 2006.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended October, 2006.

/s/ Joe Telg
JOE TELG, Chair, Board of Professional Responsibility

### CERTIFICATE OF SERVICE

I, Sandra J. Inniss, do hereby certify that a true and correct copy of the **Report and Recommendation for Public Censure** was mailed by United States Mail, postage prepaid, on the 31st day of October, 2006, to each of the following individuals:

John Craig Abraham, Esq.

Respondent

P.O. Box 2190

Gillette, WY 82717


Rebecca A. Lewis, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003–0109

/s/ Sandra J. Inniss
SANDRA J. INNISS