# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2016 WY 66

*April Term, A.D. 2016*

**June 29, 2016**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-16-0003

J. CRAIG ABRAHAM, WSB # 6-3436,

Respondent.

## ORDER OF SUSPENSION WITH PROBATION

[¶1] **This matter** came before the Court upon an "Amended Report and Recommendation for Order of Suspension with Probation," filed herein June 13, 2016, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Amended Report and Recommendation and the file, finds that the Amended Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent J. Craig Abraham should be suspended (with probation) for his conduct. It is, therefore,

[¶2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Amended Report and Recommendation for Order of Suspension with Probation," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3] **ADJUDGED AND ORDERED** that, effective immediately, J. Craig Abraham is suspended from the practice of law for six months, with that suspension stayed in favor of six months of probation. Such stay is conditioned on the following probationary terms: (1) Respondent has worked with Bar Counsel to arrange for another attorney acceptable to Bar Counsel to monitor Respondent's practice and to make monthly, written reports to Bar Counsel regarding Respondent's compliance with the terms of his probation. Such monitoring and reporting shall continue during the six-month period of probation; (2)

Respondent has developed, adopted, and implemented detailed law office policies and procedures. The policies and procedures have been approved by Bar Counsel and reflect Respondent's vigilant commitment to best practices as set forth in the Wyoming State Bar's Law Office Self-Audit Checklist: https://www.wyomingbar.org/wp-content/uploads/Wyoming_Self_Audit_Checklist.pdf. During the six-month period of probation, Respondent shall continue to follow said policies and procedures; and (3) During the six-month period of probation, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct; and it is further

[¶4]    **ORDERED** that the Wyoming State Bar may issue a press release consistent with the one set out in the Amended Report and Recommendation for Order of Suspension with Probation; and it is further

[¶5]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Abraham shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Abraham shall pay the total amount of $800.00 to the Wyoming State Bar on or before August 1, 2016; and it is further

[¶6]    **ORDERED** that the Clerk of this Court shall docket this Order of Suspension with Probation, along with the incorporated Amended Report and Recommendation for Order of Suspension with Probation, as a matter coming regularly before this Court as a public record; and it is further

[¶7]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Suspension with Probation, along with the incorporated Amended Report and Recommendation for Order of Suspension with Probation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶8]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Suspension with Probation to be served upon Respondent J. Craig Abraham.

[¶9]    **DATED** this 29th day of June, 2016.

**BY THE COURT:**

/s/

**E. JAMES BURKE**
**Chief Justice**

D-16-0003

## BEFORE THE SUPREME COURT

## STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JUN 1 3 2016

CAROL THOMPSON, CLERK

by DEPUTY

| | |
|---|---|
| *In the matter of* | ) |
| *J. CRAIG ABRAHAM,* | ) |
| *WSB No. 6-3436,* | ) |
| | ) |
| | )    *Docket No. 2015-123* |
| *Respondent.* | ) |

## AMENDED REPORT AND RECOMMENDATION
## FOR ORDER OF SUSPENSION WITH PROBATION

THIS MATTER came before the Board of Professional Responsibility on the 7th day of June, 2016, pursuant to the Court's Order of Remand dated May 10, 2016, for consideration of the Amended Stipulation for Suspension with Probation submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Amended Stipulation, the accompanying Amended Affidavit of Factual Basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

Respondent been licensed to practice in Wyoming since 2000, and maintains an active practice of law in Gillette, Wyoming.

Respondent's disciplinary history is extensive. In 2006, three separate complaints led to a public censure in which Respondent was found to have violated Rules 1.3 (diligence) and 1.4 (communication). The order of public censure stipulated that if Respondent committed any rules violations before December 31, 2008, he would be suspended for two years. *See Board of Professional Responsibility v. Abraham*, 149 P.3d 456 (Wyo. 2006).

In 2008, a complaint arising out of a conflict of interest resulted in a 2009 order of public censure in which Respondent was required to have practice monitors until January 31, 2012.

The two year suspension required by the 2006 public censure was waived, but the 2009 public censure contained a similar provision that any further violations committed prior to January 31, 2012, would result in a two year suspension. The essence of the Rule 1.7 violation involved in the 2009 public censure was that Respondent did not timely withdraw from the representation of a client in a criminal matter where Respondent identified a conflict after taking the case. *See Board of Professional Responsibility v. Abraham,* 221 P.3d 960 (Wyo. 2009).

In July 2012, the Wyoming Supreme Court notified Bar Counsel regarding Respondent's failure to timely file the appellant's brief in a case titled *HB v. DFS.* In that case, the Court reinstated the appeal and ordered Respondent to pay $150.00 as a sanction. Respondent's explanation was that he had mis-calendared the due date for the brief. Respondent received a private reprimand for violation of Rule 1.1 (competence) and Rule 1.3 (diligence).

In September 2014, Bar Counsel received letters from two of the District Court Judges in Respondent's district. The first, from Judge Perry, expressed concern about a lack of communication between Respondent and his client in a civil litigation case. The second, from Judge Deegan, raised a concern about Respondent's failure to appear at a sentencing hearing that had been rescheduled at Respondent's request. In response to the judges' concerns, Respondent assured Bar Counsel that he was going to be hiring additional office staff and implementing other remedial measures to avoid similar problems in the future.

In November 2015, the Wyoming Supreme Court notified Bar Counsel regarding three of Respondent's appeals that had been dismissed as untimely. One of the cases was a criminal matter in which Respondent filed an untimely notice of appeal. The Court on its own motion converted the untimely notice of appeal to a petition for writ of review, preserving the client's right to a direct appeal of his criminal conviction. The Court then dismissed the case when Respondent did not timely file a brief on behalf of his client.

2

The second case, a juvenile matter, was dismissed on the Court's own motion because the notice of appeal was untimely.

The third case, a civil litigation matter, was also dismissed by the Court on its own motion for failure to timely pay the docket fee, resulting in an unperfected notice of appeal.

In December 2015, after the Court reported the above three cases to Bar Counsel, the Court sanctioned Respondent $150.00 for failing to serve a copy of a notice of appeal on the Clerk of the Supreme Court as required by the Rules of Appellate Procedure in a different case.

Since Respondent began practicing law in 2000, Bar Counsel has received 17 complaints about Respondent. Most of those complaints stemmed from a lack of diligence on Respondent's part. Respondent acknowledges that it is imperative that he takes meaningful and prompt action to curtail the conduct that has been the cause of the above-described problems. Respondent is extremely remorseful over past conduct which evidences a patterned failure to comply with court rules and deadlines. Respondent is firmly committed to implementing meaningful and effective remedial measures.

Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent has conditionally admitted to multiple violations of Rule 1.1 (competence) Rule 1.3 (diligence) and Rule 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct, and has agreed to a six month suspension to be stayed, conditioned upon Respondent's compliance with the following terms of probation pursuant to Rule 9(c) of the Wyoming Rules of Disciplinary Procedure:

1. Respondent has worked with Bar Counsel to arrange for another attorney acceptable to Bar Counsel to monitor Respondent's practice and to make monthly, written reports to Bar Counsel regarding Respondent's compliance with the terms of his probation.

3

2.     In entering into the Amended Stipulation and at Bar Counsel's direction, Respondent has developed, adopted an implemented, detailed law office policies and procedures, encompassing such matters as office hours, calendaring/docketing, mail processing, conflict screening, client relationship, confidentiality, billing procedures, termination of representation and staff management. Related forms, including an initial call checklist, initial intake report, case filing checklist and a standard engagement agreement and fee agreement, have been adopted. Said policies and procedures have been reviewed and approved by Bar Counsel, and reflect Respondent's vigilant commitment to best practices as set forth in the Wyoming State Bar's Law Office Self-Audit Checklist: https://www.wyomingbar.org/wp-content/uploads/Wyoming_Self_Audit_Checklist.pdf

3.     During the period of probation, which shall be a six month probation to run concurrently with the suspension, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct.

Respondent understands and acknowledges that if, during the period of Respondent's probation, Bar Counsel receives information that any condition may have been violated, Bar Counsel may file a motion with the Board specifying the alleged violation and seeking an order requiring Respondent to show cause why the stay should not be lifted and the six month suspension activated for violation of the condition.

ABA Sanction Standards

The American Bar Association's "Standards for Imposing Lawyer Discipline" (hereafter referred to as the "ABA Standards") state, "The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public,

the legal system, and the legal profession." ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct:

(a) the duty violated;
(b) the lawyer's mental state;
(c) the potential or actual injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

### 1.    The Duty Violated

Respondent's violations of Rules 1.1, 1.3 and 8.4(d) call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

4.41    Disbarment is generally appropriate when:
    (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
    (b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
    (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42    Suspension is generally appropriate when:
    (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
    (b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

Respondent's conduct in violating Rules 1.1, 1.3 and 8.4(d) constitutes a pattern of neglect with respect to client matters. Applying Standard 4.4 to Respondent's case, a suspension of some length is warranted.

5

## 2. Respondent's Mental State

The preamble to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

Respondent acted negligently in the conduct that led to the present disciplinary proceeding.

## 3. Potential/Actual Injury Caused By Respondent's Conduct

Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

Although there is no evidence that Respondent's conduct caused actual injury to any client, there is clearly the potential for injury associated with Respondent's lack of competence and diligence in his representation of clients..

## 4. Aggravating and Mitigating Circumstances

ABA Standard 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. In Respondent's case, there are several aggravating

6

factors, including: (1) prior disciplinary offenses; (2) a pattern of misconduct; (3) multiple offenses; and (4) substantial experience in the practice of law. However, there are significant mitigating factors, including: (1) absence of a dishonest or selfish motive; (2) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; (3) imposition of other penalties and sanctions; and (4) remorse.

The Board finds that a six month suspension is an appropriate sanction for Respondent's misconduct. The Board further finds that that Respondent is unlikely to harm the public during the period of probation and can be adequately supervised; that Respondent is able to perform legal services and is able to practice law without causing the courts or the profession to fall into disrepute; and that Respondent has not committed acts warranting disbarment. The Board recommends that the probation be for six months, to run concurrently with the period of suspension.

If the Court accepts the Board's recommendation and issues an Order of Suspension with Probation in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order suspending Gillette attorney J. Craig Abraham from the practice of law for a period of six months. The Court further ordered that the suspension be stayed so long as Abraham complies with probationary terms intended to assure the efficient operation of his office and prompt compliance with court rules and deadlines. The order of suspension stemmed from Abraham having missed court deadlines and otherwise failing to comply with court rules in numerous matters over a several year period. Abraham, who has a significant disciplinary history including public censures in 2006 and 2009, agreed to the suspension and probationary terms which included the implementation of formal office policies and procedures and monthly reports to the Office of Bar Counsel regarding Abraham's compliance with probationary terms. Abraham was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Suspension with Probation in accordance with the terms of this Amended Report and Recommendation.

7

DATED this ___7th___ day of June, 2016.


_____
Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar